IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

TERRIN TAMAL ANDERSON

:
:
:    Criminal No. DKC 13-0293
     Civil Action No. DKC 14-3743
:
:

**MEMORANDUM OPINION**

Presently pending and ready for resolution are: (1) a motion to vacate sentence under 28 U.S.C. § 2255 filed by Petitioner Terrin Anderson ("Petitioner") (ECF No. 69); (2) a motion for production of documents filed by Petitioner (ECF No. 70); and (3) a motion to amend filed by Petitioner (ECF No. 71). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motions to vacate sentence, for production of documents, and to amend will be denied.

## I.  Background

In a series of eight controlled buys from April 2011 to January 2012, Petitioner sold over 300 grams of cocaine base to agents of the United States government. (ECF No. 72, at 1). On June 6, 2013, law enforcement executed a search warrant and an arrest warrant. They searched Petitioner's residence at Indian Hills Place, Waldorf, Md. where a firearm was found. Law

enforcement arrested Petitioner at his girlfriend's apartment at Promenade Place, Waldorf, Md. (ECF No. 70, at 2).

Petitioner was charged in an eight count indictment on August 19, 2013. (ECF No. 72, at 1). On September 9, 2013, Petitioner's counsel moved to suppress the evidence obtained from the search. The motion mistakenly stated that Petitioner had been arrested at the Indian Hills residence. (ECF No. 34).

On November 26, 2013, Petitioner pled guilty to one count of distribution of 28 grams or more of cocaine base in violation of 21 U.S.C. § 841 and one count of possession of a firearm in violation of 18 U.S.C. § 922(g). As part of his plea, Petitioner effectively agreed to withdraw the motion to suppress. (ECF No. 75-4, at 11).

On December 1, 2014, Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. (ECF No. 69). With his motion to vacate, Petitioner attached a motion to require production of documents related to the search warrant, (ECF No. 70), and a motion for leave to amend once the documents were produced (ECF No. 71). On January 30, 2015, the United States ("Respondent") responded and attached some of the documents Petitioner requested. (ECF No. 75).

## II. Motion to Vacate Pursuant to 28 U.S.C. § 2255

Petitioner asserts four grounds for relief in his motion to motion to vacate. Petitioner raises three claims of ineffective

assistance of counsel related to the motion to suppress. (ECF No. 69, at 5). Petitioner also alleges ineffective assistance of counsel and a violation of due process because Petitioner did not understand he was waiving his rights to see evidence pursuant to the Freedom of Information Act ("FOIA") when he pled guilty. (*Id.*).

### A.    Standard of Review

To be eligible for relief under 28 U.S.C. § 2255, a petitioner must show, by a preponderance of the evidence, that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). A *pro se* movant, such as Petitioner, is entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978). But if the § 2255 motion, along with the files and records of the case, conclusively shows that he is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28 U.S.C. § 2255(b).

### B.    Motion to Suppress

Petitioner argues that counsel's performance was defective because the suppression motion misstated where he was arrested

and did not cite any specific evidence in support of the request for a *Franks* hearing. (ECF No. 69, 6-7).

To prevail on claims of ineffective assistance of counsel, Petitioner needs first to show that "counsel's efforts were objectively unreasonable when measured against prevailing professional norms. Second, the [Petitioner] must demonstrate that counsel's performance, if deficient, was also prejudicial. This generally requires the [Petitioner] to demonstrate by a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *Frazer v. South Carolina*, 430 F.3d 696, 703 (4th Cir. 2005) (internal citations omitted). In evaluating objective unreasonableness, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

Here, Petitioner has failed to overcome this presumption. The motion adequately moved to suppress the results of the search as a violation of the Fourth Amendment. The motion stated that the evidence should be suppressed because "the affidavits in support of the various search warrants contained false information and/or information in reckless disregard to the truth." (ECF No. 34). The misstatement of where Petitioner was arrested was irrelevant because the motion correctly identified where the search occurred, and the motion only sought

to suppress evidence recovered from the search. Thus, the motion satisfied the standard of Fed.R.Crim.P. 47, and counsel's performance was not objectively unreasonable.

In addition, Petitioner has failed to demonstrate that "but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Premo v. Moore*, 562 U.S. 115, 122 (2011) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). Petitioner seems to argue that a more thorough investigation would have shown the warrant was invalid which would have led to the suppression of the firearm, but he points to no concrete evidence to demonstrate why that would be so. (ECF No. 69, at 7). The evidence obtained against Petitioner was obtained via a warrant issued by a magistrate judge. Petitioner has not suggested that the warrant itself was based on lies or half-truths but rather seems to suggest that it *could* be, and, therefore, the evidence *might* have been suppressed, and, thus, he *may* not have pled guilty. (*See* ECF No. 69, at 7). Such a chain of speculation does not demonstrate "a reasonable probability" of a different outcome, and, therefore, Petitioner has also failed to demonstrate prejudice. *Strickland*, 466 U.S. at 694. Petitioner's motion to vacate his sentence based on claims of ineffective assistance of counsel in filing the motion to suppress will be denied.

## C.    FOIA

Petitioner also moves for relief arguing that his plea was not knowing and intelligent in violation of his due process rights because he did not know he was waiving his rights under the Freedom of Information Act ("FOIA").  He also argues that counsel was ineffective for failing to inform Petitioner about his rights under FOIA.  (ECF No. 69, at 8).

Petitioner validly waived his rights under FOIA.  A waiver is valid if it is done "knowing [and] intelligent[ly] . . . [and] if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances – even though the defendant may not know the *specific detailed* consequences of invoking it."  *United States v. Ruiz*, 536 U.S. 622, 629-30 (2002) (emphasis in the original).  Thus, a defendant can knowingly and intelligently consent to waive his rights to issues even if those issues are not "explicitly discussed at a Rule 11 hearing."  *United States v. Thornsbury*, 670, F.3d 532, 538 (4th Cir. 2012).  When a waiver is unambiguous and plainly embodied in the plea, done with counsel present, and a defendant acknowledges reading and discussing the plea with counsel, the waiver will be considered valid.  *See United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002).

Here, the plea agreement expressly "waive[d] any and all rights under the Freedom of Information Act[.]" (ECF No. 47 ¶ 17(d)). Petitioner signed the waiver indicating that he had "carefully reviewed every part of it with [his] attorney." (ECF No. 47, at 8). Petitioner was advised in general about his rights, and he affirmed he knew he was waiving his rights and that he had discussed this waiver with counsel. (ECF No. 70-3, at 14, 16). Based on this evidence, the plea was knowing and intelligent and validly waived Petitioner's rights under FOIA. *See United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (holding that a plea established a waiver of appellate rights even though the judge did not specifically question the defendant about those rights because the totality of the evidence including the plea and defendant's representations about the plea established a valid waiver). Therefore, Petitioner's claim for relief based on a violation of due process will be denied.

In addition, counsel's performance was not professionally unreasonable. Counsel met with Petitioner twice to discuss the plea. (ECF No. 70-3, at 15). Petitioner signed the plea agreement representing that he understood it and reviewed it in its entirety with his attorney. (ECF No. 47, at 8). Petitioner now argues that despite his representations during the plea colloquy that he had adequate counsel and that he understood the

agreement, his attorney failed to inform him about one clause of one section which amounted to objectively unreasonable performance. (ECF No. 69, at 8-9). This argument is the type of nitpicking of counsel's performance which does not support a claim of ineffective assistance of counsel. *See Strickland*, 466 U.S. at 689. In addition, Petitioner does not even allege that had he known he was waiving his FOIA rights, he would not have pled guilty. Thus, Petitioner cannot establish prejudice.

Therefore, Petitioner's motion to vacate his sentence based on ineffective assistance of counsel in waiving his FOIA rights will be denied.

### D. Denial of Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies the petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims

debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Petitioner has not satisfied this standard. Accordingly, a certificate of appealability will not issue.

## III. Motion for Production of Documents

Petitioner moves to require Respondents to produce seven items related to the criminal investigation which led to his arrest pursuant to Fed.R.Civ.P. 26. (ECF No. 70). Respondent produced four of the items, mooting the request as to those four documents, and argues that it should not be required to produce the remaining items. (ECF No. 75, at 13).

According to Rule 6(a) of the Rules Governing Proceedings Under §§ 2254 or 2255, a party seeking to use civil discovery methods must show "good cause" for seeking to do so. "Good cause is shown if the petitioner makes a specific allegation that shows reason to believe that the petitioner may be able to demonstrate that he is entitled to relief." *Quesinberry v. Taylor*, 162 F.3d 273, 279 (4th Cir. 1998). Petitioner fails to point to any specific facts that would undermine the probable cause for the search warrant. Moreover, as a warrant was issued, Petitioner would need to show that the warrant was facially defective. *See United States v. Leon*, 468 U.S. 897, 923 (1984); *Massachusetts v. Sheppard*, 468 U.S. 981, 988 (1984). Petitioner's allegation that the motion to suppress contained a

misstatement as to where Petitioner was arrested does not go to the underlying validity of the warrant and fails to show prejudice. Petitioner has not shown "good cause" to order discovery and his request for production of documents will be denied.

## IV. Motion to Amend

Petitioner moves to amend his § 2255 petition with information he acquires from the production of documents pursuant to Fed.R.Civ.P. 15. (ECF No. 71). Under Rule 15, leave to amend should be freely given, and denial of a motion to amend is appropriate "*only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). Here, Petitioner has merely speculated that additional documents support his claim for ineffective assistance of counsel based on a failure to investigate. His request will be denied as to some of the documents, and the additional documents he has received show the government's investigation. Thus, no new information Petitioner has acquired provide a basis for a meritorious claim for relief. Therefore, the motion for leave to amend will be denied as futile.

## V.   Conclusion

For the foregoing reasons, the motion to vacate sentence under 28 U.S.C. § 2255 filed by Petitioner Terrin Anderson will be denied, the motion for production of documents will be denied.  A separate order will follow.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge